24-1269-1
SCS

FILED
NOV 19 2024
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ONYINYE JASON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. ________________ |
| | § | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(a), Defendant The Lincoln National Life Insurance Company[1] ("Lincoln") hereby removes the Complaint filed by Plaintiff Onyinye Jason ("Plaintiff") in the Justice of the Peace Court No. 16, Kent County, Delaware as follows:

## FACTUAL BACKGROUND

1. On September 30, 2024, Plaintiff filed a Complaint in an action entitled *Onyinye Jason v. Group Benefits Disability Claims The Lincoln National Life Insurance Company,* in the Justice of the Peace Court No. 16, Kent County, Delaware; Case No. JP16-24-009378 (the "State Action"). A true and correct copy of the Complaint and all processes and pleadings served on Lincoln in this case are attached hereto as Exhibit A.

2. Lincoln was served on November 4, 2024, and this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3. Defendant has not served any answer or responsive pleading to the Complaint, nor made any appearance or argument before the State Court.

---

1 Incorrectly named in the State Action Complaint as "Group Benefits Disability Claims The Lincoln National Life Insurance Company."

**GROUNDS FOR REMOVAL**

4. This action is removed to this Court pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. By the State Court action, Plaintiff is seeking to resolve legal issues regarding Lincoln's administration of disability benefits under 29 U.S.C. § 1132(a)(1)(B) from a disability benefits plan ("Plan"), in which she was a participant by virtue of her employment with Centene Management Company, LLC ("Centene"). Lincoln provided certain services pertaining to claims for short term disability benefits under the terms of a contract between Centene and Lincoln. Although Plaintiff does not specifically reference the Plan documents in her Complaint, Plaintiff does make reference in the Complaint to her entitlement to short term disability benefits and states "Lincoln Financial has not paid me," which directly correlates to the benefits that would be payable under the Plan, for which Lincoln provided certain administrative services. However, Plaintiff did not attach a copy of the Plan (or even Lincoln's "decision") to her Complaint. Accordingly, true and correct copies of the Administrative Service Agreement between Centene and Lincoln pertaining to the Plan and Lincoln's decisions on Plaintiff's claim for benefits are attached as Exhibits B and C. The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA"). Lincoln hereby submits that federal jurisdiction is proper based on the grounds of federal question jurisdiction, 28 U.S.C. § 1331.

5. District courts have federal question jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under the laws of the United States if the state-law claim raised in the civil action "necessarily

raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." This action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

6. Plaintiffs' claims necessarily raise stated federal issues, actually disputed and substantial, which this Court may entertain without disturbing any congressionally approved balance of state and federal responsibilities.

7. As noted above, Plaintiff is seeking to resolve legal issues regarding benefits from a disability benefits plan, in which she was a participant by virtue of her employment with Centene. The benefit plan at issue is an "employee welfare benefit plan" as that term is defined by ERISA. The benefits at issue are sought from an ERISA plan. Therefore, the plan and an action for benefits under the plan are governed by ERISA. The Court's analysis of Plaintiffs' causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of

action, Plaintiffs' causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiffs' causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3). Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724 (1985); Pilot Life Ins. Co. v. Dedeoux, 481 U.S. 41 (1987); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

8. This Notice is timely, as it is being filed less than thirty (30) days after service of the complaint. *See* 28 U.S.C. 1446(b)

9. Concurrent with the filing of this Notice of Removal, Defendant has filed a Notice of Filing of Notice of Removal with the Court in the State Action.

WHEREFORE, Lincoln hereby removes this action from the Justice of the Peace Court No. 16, Kent County, Delaware, to the United States District Court for the District of Delaware. That Court shall proceed no further unless and until the case is remanded.

Dated November 19, 2024

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

/s/ Iwana Rademaekers
Iwana Rademaekers, Esq.
State Bar of Texas No. 16452560
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was forwarded to the following party via email and US Certified Mail, return receipt requested, on the 19th day of November 2024 , as follows:

Plaintiff, Pro Se:
Onyinye Jason
23 Vincent Court
Smyrna DE 19977
Onyinye.jasonyahoo.com

November 19, 2024
Date

/s/ Iwana Rademaekers
Iwana Rademaekers

Sincerely,

Genna Marchese
Claim Resolution Specialist
Phone No.: (888) 437-7611 Ext. 16228
Secure Fax No.: (603) 334-0401