**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ONYINYE JASON,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. No. 24-1269-UNA |

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**


OF COUNSEL

Iwana Rademaekers, Esq.
*Motion for Pro Hac Vice Forthcoming*
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
(214) 579-9319
(469) 444-6456
iwana@rademaekerslaw.com

Jennifer C. Jauffret (#3689)
Jessica E. Blau (#7163)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
jauffret@rlf.com
blau@rlf.com


Dated: November 26, 2024

*Attorneys for Defendant The Lincoln National Life Insurance Company*

**TABLE OF CONTENTS**


TABLE OF AUTHORITIES .......... 2

I. NATURE AND STAGE OF THE PROCEEDINGS .......... 3

II. SUMMARY OF THE ARGUMENT .......... 3

III. STATEMENT OF FACTS AND PROCEDURAL HISTORY .......... 4

IV. ARGUMENT AND AUTHORITIES .......... 5

A. Standard Governing Rule 12(B)(6) Motion To Dismiss. .......... 5

B. The Short Term Disability Benefits Sought By Plaintiff in the Complaint are Benefits from an "Employee Welfare Benefit Plan" Governed by ERISA. .......... 5

C. Plaintiff's State Law Causes of Action are all Preempted by ERISA. .......... 6

D. Compensatory, Statutory, Exemplary, and Penalty Damages are Not Available in this Action. .......... 8

V. CONCLUSION .......... 8

## TABLE OF AUTHORITIES


**CASES** **Pages(s)**

*Berger v. Edgewater Steel Co.*, 911 F.2d 911, 923 (3d Cir. 1990). .... 7

*In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1420 (3d Cir. 1997) .... 3

*In re Fruehauf Trailer Corp.,* 250 B.R. 168, 183 (D. Del 2000) .... 3

*Ingersoll-Rand Company v. McClendon*, 498 U.S. 133, 139, 111 S. Ct. 478 (1990) .... 6

*Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985) .... 4

*Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985) .... 7

*Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S. Ct. 1542 (1987) .... 5

*Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) .... 3

*Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S. Ct. 1549 (1987) .... 5

*Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983) .... 4, 5

*The 1975 Salaried Retirement Plan for Eligible Employees of Crucible, Inc. v. Nobers*, 968 F.2d 401, 406 (3d Cir. 1992), *cert. denied*, 506 U.S. 1086 (1993) .... 5, 7

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.,* 140 F.3d 478, 483 (3d Cir. 1998) .. 3

*U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) .... 3

*Watson v. Hartford Life & Accident Ins. Co.,* 589 F. Supp. 2d 452, 455 (D. Del. 2008) .... 6

**STATUTES**

28 U.S.C. §§ 1331 and 1141 .... 1

29 U.S.C. § 1001 .... 4

Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. .... 1

ERISA § 502(g), 29 U.S.C. § 1132(g) .... 7

ERISA § 514(a), 29 U.S.C. §1144(a) .... 5

Fed. R. Civ. P. 12(b)(6) .... 1, 3

Defendant The Lincoln National Life Insurance Company ("Lincoln") submits this Brief in support of its Motion under Fed. R. Civ. P. 12(b)(6) for dismissal of the Complaint brought by Plaintiff Onyinye Jason dated September 30, 2024, and removed to this Court on November 19, 2024. Specifically, Lincoln seeks dismissal of the Complaint because it asserts only state law causes of action against Lincoln that are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., as amended ("ERISA").

## I. NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff instituted this action by filing her Complaint on or about September 30, 2024, in the Justice of the Peace Court No. 16, Kent County, Delaware; Case No. JP16-24-009378. Lincoln was served on November 4, 2024, and removed the case to this Court by Notice of Removal filed November 19, 2024. Lincoln grounded removal upon the Court's federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1141.

In the Complaint, Plaintiff appears to seek recovery under a cause of action for breach of contract; Plaintiff also makes a vague claim for "compensation." However, based on the face of the Complaint, these state law causes of action are preempted by ERISA as a matter of law and the Complaint must be dismissed.

## II. SUMMARY OF THE ARGUMENT

Federal question jurisdiction arises in this matter because the Complaint asserts state law claims that are preempted by ERISA. The Complaint seeks relief on the basis of Lincoln's administration of benefits allegedly due under a short-term disability contract. Lincoln provided certain services under the terms of a contract between Lincon and Centene Management Company, LLC ("Centene"), pertaining to claims for benefits from the Centene Management Company, LLC Short Term Disability Plan (the "STD Plan"), which provides short-term disability benefits to employees of Centene. Plaintiff was an employee of Centene.

The STD Plan, for which Lincoln provided certain services under the terms of a contract between Lincon and Centene, is an employee welfare benefits plan as defined by ERISA. In the Complaint, Plaintiff appears to seek recovery under a cause of action for breach of contract; Plaintiff also makes a vague claim for "compensation." However, based on the face of the Complaint, these state law causes of action are preempted by ERISA, as a matter of law, and the Complaint must be dismissed. Accordingly, the allegations pled in the Complaint in support of Plaintiff's claims, even if taken as true, are insufficient to support the relief requested.[1]

## III. STATEMENT OF FACTS AND PROCEDURAL HISTORY

A copy of the Plan Document is attached hereto as Exhibit A. Plaintiff's claim for benefits from the STD Plan is attached hereto as Exhibit B. A copy of Lincoln's letter to Plaintiff dated October 10, 2023, stating that Plaintiff's claim for benefits from the STD Plan was denied is attached hereto as Exhibit C. The Exhibits attached to this Brief are "undisputedly authentic document[s]" upon which Plaintiff's claims against Lincoln are based. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, these Exhibits are documents that are "integral to or explicitly relied upon" by Plaintiff in the Complaint. *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (alteration and citation omitted). Therefore, this Court may properly consider the Exhibits in its decision on Lincoln's Motion to Dismiss.

The relevant facts derived from the Complaint are as follows:

Plaintiff, a resident of Delaware, participated in an ERISA-qualified plan ("Plan") for short term disability ("STD") benefits as a result of her employment with Centene. Plan Document (Exhibit A), Claim for Benefits (Exhibit B), and Decision Letter (Exhibit C). In the

[1] Lincoln does not oppose the Court allowing Plaintiff to amend her Complaint to plead a claim for recovery of benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B).

Complaint, Plaintiff alleges that she went on leave in August 2023 due to health problems and stress, that she applied for FMLA and short-term disability benefits, and that she is entitled to 70% of her base salary. The Complaint further alleges "Lincoln Financial has not paid me" and Plaintiff seeks "her payment, court costs and compensation," and seeks an award of $11,662.00.[2]

## IV. ARGUMENT AND AUTHORITIES

### A. Standard Governing Rule 12(B)(6) Motion To Dismiss.

An order granting a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when, taking the facts alleged in the Complaint as true, the moving party is entitled to judgment as a matter of law. *In re Fruehauf Trailer Corp.,* 250 B.R. 168, 183 (D. Del 2000) (citing *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1420 (3d Cir. 1997)); *see also Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998) ("A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint.").

### B. The Short Term Disability Benefits Sought By Plaintiff in the Complaint are Benefits from an "Employee Welfare Benefit Plan" Governed by ERISA.

It is clear that the STD Plan is an "employee welfare benefit plan" as defined by ERISA, which defines this term as:

> [A]ny plan, fund, or program . . . established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries . . . (A) medical, surgical, or hospital care or benefits, or <u>benefits in the event of</u> sickness, accident, <u>disability</u>, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit

[2] Complaint at sole paragraph contained therein.

> described in section 186(c) of [the Labor Management Relations Act, 1947 29 U.S.C.S. § 186(c)] . . . .[3]

Based on the facts pled in the Complaint and Exhibit A, it is apparent that to fulfill obligations created under the STD Plan, Centene adopted a formal plan document (Exhibit A). Plaintiff was a participant in the STD Plan, which was sponsored by Centene, and submitted a claim for benefits from the STD Plan, which was denied by Lincoln. Accordingly, the STD Plan was established and maintained by Centene and provided disability benefits, as required by the statutory definition of "employee welfare benefits plan." Therefore, the STD Plan is an ERISA plan based on the face of the Complaint and ancillary documents.

**C. Plaintiff's State Law Causes of Action are all Preempted by ERISA.**

ERISA is a comprehensive statute enacted "to promote the interests of employees and their beneficiaries in employee benefit plans," *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983), and "to protect contractually defined benefits." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985). *See also* 29 U.S.C. § 1001.

As the Complaint clearly establishes the existence of an ERISA Plan, Plaintiff's state law causes of action in this lawsuit are preempted by ERISA. ERISA preempts "any and all [s]tate laws insofar as they may now or hereafter relate to any employee benefit plan." ERISA § 514(a), 29 U.S.C. §1144(a). "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw*, 463 U.S. at 96-97 (citation omitted). The Third Circuit has concluded that a state law claim is preempted by ERISA if "the existence of an ERISA plan was a [crucial] factor in establishing liability, and . . . the trial court's inquiry would be directed to the plan . . . ." *The 1975 Salaried Ret. Plan for Eligible Emps. of Crucible, Inc. v. Nobers*, 968 F.2d 401, 406 (3d Cir. 1992), *cert. denied*, 506

[3] 29 U.S.C. § 1002(1) (emphasis added).

U.S. 1086 (1993). Plaintiff's claim that she was allegedly denied benefits from the STD Plan under the terms of the Plan Document is preempted.

It is well established that a plaintiff's state law claims based upon the existence of an employee benefit plan are preempted by ERISA. For example, in *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58 (1987), an employee brought suit against his former employer and its insurer alleging breach of contract, retaliatory discharge, and wrongful termination of disability benefits. The Supreme Court held plaintiff's contract and tort claims were preempted by ERISA § 514(a), 29 U.S.C. § 1144(a) because his claims "relate[d] to [an] employee benefit plan." *Taylor*, 481 U.S. at 62 (citation omitted). The Court again reached the same result in *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987), where an employee brought common law breach of contract, bad faith, and other tort claims against the insurance company which insured his employer's group insurance policy alleging the company wrongfully failed to pay benefits under an ERISA-governed plan. The Court rejected plaintiff's state law claims because they "related to" an employee benefit plan and, thus, were preempted by ERISA. *Id*. at 57.

The Supreme Court again addressed this issue in *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990). There, an employee brought suit against his former employer in state court seeking compensatory and punitive damages under various state tort and contract theories alleging his termination deprived him of rights to pension benefits; he did not assert any cause of action under ERISA. In reversing the Texas Supreme Court and upholding the appellate court's order granting summary judgment in favor of the employer, the Supreme Court concluded that because plaintiff would "simply [have] no cause of action if there [was] no plan," his claims "relate[d] to" an ERISA-covered plan within the meaning of ERISA § 514(a). *Ingersoll-Rand*, 498 U.S. at 140. Moreover, Plaintiff's state law cause of action arises from the handling and

disposition of Plaintiff's claim for benefits from the STD Plan. Accordingly, it is subject to preemption. *See, Watson v. Hartford Life & Accident Ins. Co.,* 589 F. Supp. 2d 452, 455 (D. Del. 2008) (claim for disability benefits preempted by ERISA).

Plaintiff's state law cause of action in the Complaint is inseparably connected to the interpretation and construction of the STD Plan. Plaintiff's cause of action is predicated on the existence and construction of the STD Plan. But for the covenants, both implicit and explicit, of the Plan Document, Plaintiff would have no basis for any contractual cause of action. Therefore, this cause of action is preempted by ERISA.

### D. Compensatory, Statutory, Exemplary, and Penalty Damages are Not Available in this Action.

Based on the face of the Complaint, Plaintiff makes a vague assertion that Lincoln is indebted to Plaintiff in the amount $11,662.00. To the extent that all or part of this relief requested is or could be for statutory or punitive damages, Plaintiff is not entitled to such relief. It is black-letter law that Congress did not provide for statutory or punitive damages under ERISA. *Mertens v. Hewitt Associates*, 508 U.S. 248 (1993); *Russell*, 473 U.S. 134; *1975 Salaried Retirement Plan, 968 F.2d at 406; see, e.g. , Berger v. Edgewater Steel Co.*, 911 F.2d 911, 923 (3d Cir. 1990). As these cases establish, Plaintiff is not entitled to any form of compensatory, statutory, exemplary, penalty or other extra-contractual monetary relief over and above the recovery of any benefits that may be due under her ERISA-controlled plan. Accordingly, should the Court not dismiss Plaintiff's claims in their entirety, the Court should strike Plaintiff's demand for such relief, with prejudice.

## V. CONCLUSION

The United States Supreme Court has made clear that the remedies specified in ERISA are exclusive. All state laws invoked by or on behalf of beneficiaries relating to a denial of

benefits under a group employee welfare benefit plan, such as those asserted in the Complaint, are preempted by ERISA. For the reasons and authorities discussed above, Lincoln respectfully requests that the Court dismiss Plaintiff's Complaint against it with prejudice, award Lincoln its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and grant Lincoln any other relief to which it shows itself justly entitled.

Of Counsel:

Iwana Rademaekers, Esq
*Motion Pro Hac Vice Forthcoming*
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
(214) 579-9319
iwana@rademaekerslaw.com

*/s/ Jennifer C. Jauffret*
Jennifer C. Jauffret (#3689)
Jessica E. Blau (#7163)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
jauffret@rlf.com
blau@rlf.com

*Attorneys for Defendant*
*The Lincoln National Life Insurance Company*

Dated: November 26, 2024

**CERTIFICATE OF SERVICE**

I certify that this, *Defendant's Opening Brief in Support of its Motion to Dismiss Plaintiff's Complaint*, was forwarded to the following party via email and First Class Mail, delivery confirmation requested, on the 26th day of November 2024, as follows:

Plaintiff, Pro Se:
Onyinye Jason
23 Vincent Court
Smyrna DE 19977
Onyinye.jason@yahoo.com

*/s/ Jessica E. Blau*
Jessica E. Blau (#7163)